UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID KNOX, JR., | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-3206-MMM |
| . KERSHAW, | ) |
| Defendant. | ) |

## MERIT REVIEW ORDER

Plaintiff, currently at the Lawrence Correctional Center and proceeding *pro se*, pursues a § 1983 action for failure to protect at the Graham Correctional Center ("Graham"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On November 12, 2019, Plaintiff had a job as an inmate Porter at Graham. Plaintiff's porter duties included cleaning the tier, collecting trash from inmates' cells, "securing" the chuck holes and distributing laundry. On the day in question, Plaintiff attempted to secure the chuck hole in the cell of inmate Rex Reed. Reed became angry with Plaintiff and began throwing trash out of his cell. He also attempted to hit Plaintiff with water from the toilet, used racial epithets

against him, and threatening to kill Plaintiff when he had the opportunity. Plaintiff reported the incident to Defendant Officer Kershaw. Defendant allegedly responded that "prison is not a good place to be telling on other inmates and that he [Kershaw] should let inmate Reed out to teach me that lesson."

Later, when Plaintiff was in the Tier 1 dayroom, he heard someone approaching from behind. He turned and saw inmate Reed charging him with an upraised hand. Plaintiff "panicked" and threw a punch, apparently breaking Reed's nose. Plaintiff subsequently asked Defendant why he had let Reed out of the cell to which Defendant allegedly responded, "I told you what happen[s] to people who tell…" Plaintiff was charged and found guilty of assault, resulting in the loss of good time credit. Plaintiff requests money damages and the restoration of the lost good time.

## ANALYSIS

"In order to state a § 1983 claim against prison officials for failure to protect, a plaintiff must establish: (1) that he was 'incarcerated under conditions posing a substantial risk of serious harm' and (2) that the defendants acted with 'deliberate indifference' to his health or safety." *Daniels v. Dumsdorff*, No. 19- 00394, 2020 WL 3268651, at *5 (S.D. Ill. June 17, 2020), citing *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). This requires a showing of an objective risk of danger and actual knowledge of that risk on the part of Defendant. *Henderson v. Sheahan*, 196 F.3d 839, 844-45 & n.2 (7th Cir. 1999). Here, Plaintiff would otherwise plead a colorable claim of failure to protect against Defendant Kershaw as Defendant had actual knowledge of the risk to Plaintiff. There is an impediment, however, which will be further discussed.

The Court notes that Plaintiff has not only alleged that Defendant Kershaw failed to protect him, but that Defendant released Reed from his cell for the sole purpose of injuring

Plaintiff. *See Dumsdorff*, 2020 WL 3268651, at *3 (a prison official becomes liable for the unconstitutional use of force where he incites one prisoner to assault another). As a result, Plaintiff would otherwise state a colorable excessive force claim against Defendant Kershwin, but there is an impediment to this claim as well.

The impediment Plaintiff faces arises from the bar of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* provides that a plaintiff may not bring a § 1983 claim for damages which challenge a conviction, if a judgment in his favor would necessary imply the invalidity of that conviction or sentence. Here, Plaintiff has pled that he was found guilty of assault, losing good conduct credits. *Heck* bars such a claim unless "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (*Heck* applies to prison disciplinary proceedings which result in loss of good time credit).

As Plaintiff requests the restoration of good conduct credits, he is implicitly challenging the prison disciplinary conviction against him. *See also*, *Russell v. Bukowski*, No. 13-2005, 2014 WL 11394846, at *2 (C.D. Ill. Oct. 7, 2014), *aff'd,* 608 Fed. Appx. 426 (7th Cir. 2015). "When an inmate claims to be the victim of an utterly unprovoked assault, his § 1983 claim is barred by *Heck* unless and until the disciplinary [infraction] committed is overturned, invalidated or vacated in some manner."

Plaintiff cannot proceed with this claim until such time as his disciplinary conviction is overturned through a *habeas* action, or otherwise invalidated or called into question. As a result, this case is dismissed for failure to state a claim. The dismissal is without prejudice to Plaintiff refiling it, if his disciplinary conviction is overturned.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A without prejudice to Plaintiff refiling it if his disciplinary conviction is overturned or otherwise invalidated. Any amendment to the complaint would be futile at this point due to the bar of *Heck v. Humphrey*, 512 U.S. 477 (1994). This case is therefore closed. All pending matters and deadlines are VACATED.

2. Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.


  12/18/2020                                                               s/Michael M. Mihm  
ENTERED                                                  MICHAEL M. MIHM  
                                                         UNITED STATES DISTRICT JUDGE